Jeffrey S. Dubin (JD-0446)
Attorney for Plaintiffs
464 New York Avenue
Suite 100
Huntington, New York 11743
(631) 351-0300
(631) 351-1900 FAX
dubinjs@cs.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------x
Fred Alston, as a Trustee of the
LOCAL 272 LABOR-MANAGEMENT PENSION FUND;
Fred Alston, as a Trustee of the            Civil Action No.
LOCAL 272 WELFARE FUND,                     08cv3503(LAP)
                                            EFC Case
                        Plaintiffs,
                                            COMPLAINT
            -against-

FLASH MANAGEMENT, LLC,

                        Defendant.
--------------------------------------------x

    Plaintiffs, complaining of the defendant, by their attorney, JEFFREY S. DUBIN, allege as follows:

### Jurisdiction

    1.    The jurisdiction of this court is invoked pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (E.R.I.S.A.) 29 U.S.C. § 1132.

### Nature of Action

    2.    This is an action by a Trustee of two employee benefit plans under Section 502 of E.R.I.S.A., 29 U.S.C. § 1132, on behalf of the Trustees of the

two plans, to enforce the obligations of the defendant to make contributions to these plans; to obtain appropriate equitable relief, to wit, an accounting; to redress such violations; to enforce the provisions of E.R.I.S.A.; to enforce the terms of the employee benefit plans. More specifically to compel the defendant to furnish to the Funds by audit, such books and records that will enable the Funds to determine the amount of contributions owed to said Funds on behalf of Fund participants employed by the defendant, pursuant to Section 502(a)(3)(B) of E.R.I.S.A., 29 U.S.C. § 1132(a)(3)(B); to require the defendant to make such payments to the Funds, pursuant to Section 502(a)(3) of E.R.I.S.A., 29 U.S.C. § 1132(a)(3), as are determined to be due by said audits, plus reasonable attorney fees, costs, interest and penalties, pursuant to Section 502(g) of E.R.I.S.A., 29 U.S.C. §1132(g).

The Parties

3.    Plaintiff, Fred Alston, as a Trustee of the Local 272 Labor-Management Pension Fund (Pension Fund) and as a Trustee of the of the Local 272 Welfare Fund (Welfare Fund), is and was a fiduciary within the meaning of Section 3(21) of E.R.I.S.A., 29 U.S.C. § 1002(21). The Pension Fund and the Welfare Fund are and were employee benefit plans within the meaning of Section 3(3) of E.R.I.S.A., 29 U.S.C. § Section 1002(3).

4.    The Pension Fund, and the Welfare Fund (Fringe Benefit Funds) are and were administered within this district within the meaning of Section 502(e)(2) of E.R.I.S.A., 29 U.S.C. § 1132(e)(2), to wit, in the City, County and

State of New York.

5.     Upon information and belief, defendant is and was a corporation, incorporated under the laws of the State of New York.  Defendant is and was an employer within the meaning of Section 3(5) of E.R.I.S.A., 29 U.S.C. § 1002(5).

6.     The Trustees of the Fringe Benefit Funds have authorized Fred Alston to bring this action on their behalf.

<u>AS AND FOR A FIRST CLAIM FOR RELIEF</u>
<u>ON BEHALF OF PLAINTIFF, FRED ALSTON,</u>
<u>AS A TRUSTEE OF THE FRINGE BENEFIT FUNDS</u>

7.     Plaintiff Fred Alston, as a Trustee of the Fringe Benefit Funds, repeats and realleges each and every allegation set forth in paragraphs 1 through 6.

8.     Heretofore, defendant entered into a contract which, *inter alia*, provided for contributions by said defendant to the Fringe Benefit Funds for certain hours worked by participants employed by said defendant. At all times material hereto said contract was in full force and effect. The Fringe Benefit Funds are Third Party Beneficiaries of said contract.

9.     Pursuant to said contract, the Fringe Benefit Funds may require any employer of employees covered by said contract to furnish to said Fringe Benefit Funds such information and reports and to make available by audit such books and records as they may require in the performance of their duties and to collect contributions owed to the Fringe Benefit Funds.

10. Upon information and belief, defendant employed persons who were participants in the Fringe Benefit Funds within the meaning of Section 3(7) of E.R.I.S.A., 29 U.S.C. § 1002(7), and is therefore obligated to pay contributions to each of the Fringe Benefit Funds for certain hours worked by participants in its employ.

11. The Fringe Benefit Funds demanded that defendant furnish to said Funds such information and reports, and to make available by audit such books and records in order to determine the amount of contributions owed to the Fringe Benefit Funds on behalf of its participants for the period September 1, 2006 to date.

12. Notwithstanding such demands defendant has failed and refused to furnish to the plaintiffs said information and reports and to make available by audit all books and records of all defendant's "trades and businesses (whether or not incorporated) which are under common control" of the defendant, within the meaning of Section 3(37)(B) of E.R.I.S.A., 29 U.S.C. § 1002(37)(B).

13. Plaintiffs are wholly ignorant of the amounts of money held by defendant except that defendant has failed and refused to account to plaintiffs therefor in breach of the terms of its collective bargaining agreement, and in breach of the Agreements and Declarations of Trust of the Fringe Benefit Funds.

14. Plaintiffs have no adequate remedy at law. This claim for relief seeks an accounting under the courts equitable powers pursuant to Section 502(a)(3)(B) of E.R.I.S.A., 29 U.S.C. § 1132(a)(3)(B).

### AS AND FOR A SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF FRED ALSTON, <u>AS</u> <u>A</u> <u>TRUSTEE</u> <u>OF</u> <u>THE</u> <u>PENSION</u> <u>FUND</u>

15. Plaintiff, Fred Alston, as a Trustee of the Pension Fund, repeats and realleges each and every allegation set forth in paragraphs 1 through 14.

16. Defendant has failed and refused and continues to refuse to pay to plaintiff the amounts owed to plaintiff in breach of the terms of the plan and in breach of the terms of the Agreement and Declaration of Trust and in violation of the provisions of Section 515 of E.R.I.S.A., 29 U.S.C. § 1145; upon information and belief, said amounts are as shall be determined by the audit requested hereinabove.

### AS AND FOR A THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF FRED ALSTON, AS A TRUSTEE <u>OF</u> <u>THE</u> <u>WELFARE</u> <u>FUND</u>

17. Plaintiff, Fred Alston, as a Trustee of the Welfare Fund repeats and realleges each and every allegation set forth in paragraphs 1 through 16.

18. Defendant has failed and refused and continues to refuse to pay to plaintiff the amounts owed to plaintiff in breach of the terms of the plan and in breach of the terms of the Agreement and Declaration of Trust and in violation of the provisions of Section 515 of E.R.I.S.A., 29 U.S.C. § 1145; upon information and belief, said amounts are as shall be determined by the audit requested hereinabove.

WHEREFORE, plaintiffs demand judgment:

    1. On the First Claim for Relief in favor of plaintiffs that defendant furnish to said plaintiffs by audit all books and records of all defendant's trades and businesses (whether or not incorporated) which are under defendant's common control, that will enable the plaintiff Fringe Benefit Funds to determine the amount of contributions owed to the Fringe Benefit Funds on behalf of said participants employed by the defendant for the period September 1, 2006 to present.

    2. On the Second Claim for Relief in favor plaintiff, Fred Alston, as a Trustee of the Pension Fund and against defendant in the amount as shall be determined by the audit requested hereinabove.

    3. On the Third Claim for Relief in favor of plaintiff, Fred Alston, as a Trustee of the Welfare Fund and against defendant in the amount as shall be determined by the audit requested hereinabove.

    4. In accordance with Section 502(g)(2) of E.R.I.S.A., 29 U.S.C.§ 1132(g)(2), awarding plaintiffs reasonable attorney fees and costs of the action pursuant to Section 502(g)(2)(D) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2)(D),

AND, for such other relief pursuant to E.R.I.S.A., as this Court deems

appropriate.


Dated:   Huntington, New York
         April 8, 2008

                                        _____
                                        JEFFREY S. DUBIN (JD-0446)
                                        Attorney for Plaintiffs
                                        464 New York Avenue
                                        Suite 100
                                        Huntington, NY 11743
                                        (631) 351-0300
                                        (631) 351-1900 FAX
                                        Dubinjs@cs.com

To:   Defendant [Fed.R.Civ.P. § 4]
      United States District Court [Fed.R.Civ.P. § 3]
      Secretary of Labor-by Cert. Mail (29 U.S.C. § 1132(h)
            RRR#: 7007 0710 0004 5120 3564
      Secretary of Treas.-by Cert. Mail (29 U.S.C. § 1132(h)
            RRR#: 7007 0710 0004 5120 3571