Cyruli Shanks Hart & Zizmor LLP
Attorneys for Defendant
420 Lexington Avenue, Suite 2320
New York, New York 10170
(212) 661-6800
(212) 661-5350
rshanks@cshzlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FRED ALSTON, as a Trustee of the Local 272           Civil Action No. 08 CV 3503 (LAP)
LABOR-MANAGEMENT PENSION FUND;                       (MHD)
FRED ALSTON, as a Trustee of the LOCAL 272
WELFARE FUND,

       Plaintiff,       **ANSWER**

vs.

FLASH MANAGEMENT, LLC.

       Defendant.
-----------------------------------------------------------X

  Answering plaintiff, FRED ALSTON, as a Trustee of the Local 272 LABOR-MANAGEMENT PENSION FUND; FRED ALSTON, as a Trustee of the Local 272 Welfare Fund's ("Plaintiff"), complaint dated April 10, 2008, defendant, FLASH 99 MANAGEMENT LLC s/h/a FLASH MANAGEMENT, LLC ("Defendant"), by its attorneys Cyruli Shanks Hart & Zizmor LLP says the following:

  1.  Answering Paragraph 1 of Plaintiff's complaint refers all questions of law to the court for determination.

  2.  Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of Plaintiff's complaint.

  3.  Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of Plaintiff's complaint.

4. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of Plaintiff's complaint.

5. Answering Paragraph 5 of the Plaintiff's complaint, denies that it is a corporation, and otherwise refers all questions of law to the court for determination.

6. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's complaint.

ANSWERING THE FIRST CLAIM FOR RELIEF

7. Answering Paragraph 7 of the complaint, Defendant repeats, reiterates, and re-alleges each and every admission, denial, and allegation set forth in response to paragraphs 1 through 6 of the complaint with the same force and effect as though fully set forth herein.

8. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's complaint.

9. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's complaint.

10. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of Plaintiff's complaint.

11. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's complaint.

12. Denies each and every allegation contained in Paragraph 12 of Plaintiff's complaint.

13. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiff's complaint.

14. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of Plaintiff's complaint.

## ANSWERING THE SECOND CLAIM FOR RELIEF

15. Answering paragraph 15 of the complaint, Defendant repeats, reiterates, and re-alleges each and every admission, denial, and allegation set forth in response to paragraphs 1 through 14 of the complaint with the same force and effect as though fully set forth herein.

16. Denies each and every allegation contained in paragraph 16 of the complaint.

## ANSWERING THE THIRD CLAIM FOR RELIEF

17. Answering paragraph 17 of the complaint, Defendant repeats, reiterates, and re-alleges each and every admission, denial, and allegation set forth in response to paragraphs 1 through 16 of the complaint with the same force and effect as though fully set forth herein.

18. Denies each and every allegation contained in paragraph 18 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19. Failure to state a cause of action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. Defendant is not an "employer" as defined by 29 U.S.C. 1002 (5).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21. Defendant, upon information and belief, has not entered into a contract providing for employee fringe benefits.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22. Plaintiff has not refused to allow any audit of its books and records.

**WHEREFORE**, Defendant demands judgment against Plaintiff dismissing the complaint in its entirety, together with costs and disbursements of the action and any further relief the Court deems just and equitable.

Dated: New York, New York
       June 3, 2008

CYRULI SHANKS HART & ZIZMOR LLP
Attorneys for Defendant
420 Lexington Avenue, Suite 2320
New York, New York 10170
(212) 661-6800

By: _____
    Russell J. Shanks, Esq.

## **VERIFICATION**

STATE OF NEW YORK        )
                         )ss:
COUNTY OF NEW YORK       )

ERIC BROWN, having been duly sworn, deposes and says:

1. I am the managing member of FLASH 99 MANAGEMENT LLC s/h/a FLASH MANAGEMENT, LLC, the defendant herein.

2. I have reviewed the annexed verified answer and know the contents thereof and the same are true to my own knowledge, except as to matters therein stated to be alleged upon information and belief; and as to those matters, I believe them to be true.

3. My belief as to those matters therein not stated upon knowledge is based upon investigation and review of plaintiff's books and records.

_____
ERIC BROWN

Sworn to before me this
3rd day of June, 2008

_____
NOTARY PUBLIC

ALFONSO DeCICCO
Notary Public, State of New York
No. 02DE6069851
Qualified in Kings County
Commission Expires 3-18-10

## AFFIRMATION OF SERVICE

**ALFONSO DECICCO**, an attorney duly admitted to practice law in the Courts of this State hereby affirms the following under penalty of perjury:

THAT he is not a party to this action, is over 18 years of age, and resides in the County of Richmond, State of New York.

THAT on the 6 day of June 2008, deponent served an answer upon the following parties and/or their attorneys:

> Jeffrey S. Dubin, Esq.
> 464 New York Avenue, Suite 100
> Huntington, New York 11743

the address designated by said parties and attorneys for that purpose, by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, by first class mail in a post office-official depository under the exclusive care and custody of the United States Postal Service.

Dated: New York, New York
       June 6, 2008

                                                    **ALFONSO DECICCO**